## Essex County Juvenile Court.

GIOVANNINA CARPINO, COMPLAINANT, v. FRANCESCO CARPINO, DEFENDANT.

For the complainant, *Ernest F. Masini.*

For the defendant, *Irving W. Teeple.*

SIEGLER, J. The defendant is here on an application to set aside an order of five ($5) dollars made against him, for the support of his wife, based generally on the ground that this court did not have jurisdiction in the matter. It was agreed at the outset between counsel, that in lieu of taking testimony between the parties, that the question of fact be determined on affidavits.

I have examined the affidavits submitted by both sides very carefully and find that the parties were married on February 8th, 1925. This was a second marriage for both of them; they both own real estate in this state in their own name from which they derive an income. After the marriage the parties lived at the home of the husband in Lyndhurst, New Jersey, and on September 1st, 1926, they removed to the city of Newark where they resided until December 5th, 1928. The last place of their residence was at No. 73 Crane street, the property of the wife.

The first point raised by the defendant is that he is not resident and domiciled in this jurisdiction. The second point, that he committed no matrimonial offense that subjected him to an order to support his wife.

It has been held in *Harral* v. *Harral,* 39 *N. J. Eq.* 279 (at *p.* 285), in the Court of Errors and Appeals: "A person *sui juris* may change his domicile as often as he pleases." \* \* \*

It follows that the defendant had a legal right to change his domicile from Newark to Lyndhurst, and it thereby became the duty of his wife to follow. It is universally held that the domicile of the husband is the domicile of the wife, unless, of course, where the husband abandons or misconducts himself so as to constitute in law a matrimonial offense, justifying her in leaving him. *Floyd* v. *Floyd,* 95 *N. J. Eq.* 661.

The next point is based on a question of fact as to whether or not when the defendant left the city of Newark to go to Lyndhurst he committed a matrimonial offense justifying his wife in staying in her home at Newark.

The proof does not satisfy me by its weight, that the defendant mistreated, abandoned or willfully refused to provide and maintain for his wife. The contrary is established. On December 5th, 1928, when the husband moved to Lyndhurst, there was nothing in the conduct between these parties toward each other that would permit of the inference of matrimonial mistreatment by the husband of his wife. There may have been some slight misunderstanding and a quarrel now and then which is quite usual even in the most happy and peaceful domestic life, but nothing of the character that would justify the complainant in separating herself from her husband. Before the complainant would have the legal right to separate and create her own domicile, she would have to establish a matrimonial offense justifying her in leaving him.

It was so held in *Floyd* v. *Floyd, supra:* "That the domicile of the wife is merged in that of her husband and is continued during coverture, unless she acquires a separate domicile elsewhere by her husband's consent; or where he abandons her or misconducts himself as to constitute in law a matrimonial offense justifying her in leaving him."

I am satisfied from the evidence that the husband made repeated demands upon his wife to return and live with him. These demands if made in good faith, should be complied

with even though he had committed a matrimonial offense, like that of abandoning or failing to properly support his wife. Complainant having sought in her wisdom to refuse the offer, it is she who is the deserter, not him.

I find as a fact that the defendant is a resident and domiciled in Lyndhurst and was so at the time of the institution of this action. I also find that when he removed from Newark on December 5th, 1928, it was the duty of his wife to follow her husband.

Having come to these conclusions, this court has no jurisdiction in the premises. The decree of five ($5) dollars per week will be vacated and the petition dismissed.

I will sign an order in accordance with these views.